IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROSAURA GENCHI GARCIA, <br><br> Petitioner, <br><br> vs. <br><br> GREG LONDON, Sarpy County Sheriff; KRISTI NOEM, Secretary, United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, OMAHA IMMIGRATION COURT, DAREN MARGOLIN, Director, Executive Office for Immigration Review; TODD LYONS, Acting Director, Immigration and Customs Enforcement; PETER BERG, Director, St. Paul ICE Field Office; and JO MARTIN, Sarpy County Jail Director; <br><br> Respondents. | 8:25CV624 <br><br> **ORDER TO SHOW CAUSE** |

In this action for habeas corpus relief pursuant to 28 U.S.C. § 2241, Petitioner Rosaura Genchi Garcia, an undocumented alien who has lived in the United States since 2003 or 2004,[1] requests that the Court find her detention by Immigration and Customs Enforcement (ICE) pending the completion of her removal proceedings unlawful "and issue a preliminary injunction requiring [Executive Office of Immigration Review (EOIR)] to provide Petitioner with a bond hearing within seven days or in the alternative, order that Petitioner be released from custody." Filing 1 at 1–2 (¶¶ 1, 6). This action is now before the Court on Genchi Garcia's Application for Issuance of Order to Show Cause pursuant to 28 U.S.C. § 2243, "request[ing] that this Court issue an order to

---

[1] Genchi Garcia's Petition lists both dates. *Compare* Filing 1 at 1 (¶ 1), *with* Filing 1 at 3 (¶ 24).

1

Respondents, requiring them to show cause why his [sic] Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, should not be granted." Filing 4 at 1 (¶ 1). For the reasons stated below, Genchi Garcia's Application is granted.

## I. INTRODUCTION

### A. Genchi Garcia's Habeas Petition

In the "Introduction" to her Petition for Habeas Corpus, Genchi Garcia alleges,

1. Petitioner is a 41-year-old female, native and citizen of Mexico who has lived in the United States since 2004. After her arrest for a criminal case in Sarpy County she had been detained under an ICE hold for several months and is now detained by Immigration and Customs Enforcement ("ICE") pending the completion of her removal proceedings.

2. Petitioner requested a bond review hearing in the Omaha Immigration Court. However, the Immigration Judge denied Petitioner's request, concluding it had no jurisdiction to hold a bond hearing or release her from custody, citing a recent decision by the Board of Immigration Appeals ruling that all aliens who are present in the United States without inspection do not qualify for bond. *See Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025).

3. Up until very recently people in the United States without legal status have been granted bond hearings pursuant to Section 236 of the Immigration and Nationality Act. However, due to the recent decision by the BIA, Immigration Judges have been stripped of their authority to grant bond hearings to individuals such as the Petitioner.

4. *Matter of Yajure-Hurtado's* holding ignores decades of precedence [sic] and has been continuously rejected by numerous federals [sic] courts. The Immigration Judge's reliance on this incorrect decision violates Petitioner's statutory and due process rights.

Filing 1 at 1–2 (¶¶ 1–2).

The Order of Immigration Judge, dated October 8, 2025, addressing Genchi Garcia's request for a change of custody status, shows a check mark in the box before "Denied, because" with the explanation, "No jurisdiction - Matter of YAJURE HURADO, 29 I&N Dec. 216 (BIA 2025)." Filing 1 at 13. Consequently, Genchi Garcia alleges that she is in the custody of the Sarpy

County Jail in Bellevue, Nebraska, but that "she is detained by Immigration and Customs Enforcement and has been in ICE custody since September 24, 2025." Filing 1 at 2 (¶ 7).

Genchi Garcia asserts several causes of action in her habeas petition. Her first cause of action alleges "Violation of 8 U.S.C. § 1226(a) and Associated Regulations," based on her assertion that she was entitled to but has not been provided with a bond hearing, making her continued detention unlawful. Filing 1 at 9 (¶¶ 48–51). Genchi Garcia's second cause of action alleges "Violation of Fifth Amendment Right to Due Process (Failure to Provide Bond Hearing Under 8 U.S.C. § 1226(a))." Filing 1 at 9 (¶¶ 52–54). Her third cause of action alleges "Violation of Fifth Amendment Right to Due Process (Failure to Provide an Individualized Hearing for Domestic Civil Detention)." Filing 1 at 9–10 (¶¶ 55–59). Her fourth cause of action alleges "Violation of Fifth Amendment Right to Due Process (Substantive Due Process)." Filing 1 at 10–11 (¶¶ 60–61). Genchi Garcia's fifth and last cause of action alleges "Violation of Administrative Procedure Act (5 U.S.C. § 706)," and alleges in essence, "The BIA's decision in *Matter of Hurtado* is unlawful because it violates the Administrative Procedure Act, including because the BIA's decision is arbitrary, capricious, and contrary to law." Filing 1 at 11 (¶¶ 62–64).

Genchi Garcia requests that the Court provide the following relief:

1. Assume Jurisdiction over this matter;

2. Declare that Petitioner's detention is unlawful;

3. Declare that Petitioner is detained pursuant to 8 U.S.C. § 1226 and is therefore entitled to a bond hearing upon request;

4. Issue a preliminary injunction and Writ of Habeas Corpus ordering Respondents to release Petitioner immediately, or, in the alternative, order Respondents to release Petitioner if she is not provided a bond hearing within seven (7) days after the Court's order;

5. Grant any further relief this Court deems just and proper.

Filing 1 at 11.

### B. Genchi Garcia's Application for Order to Show Cause

As mentioned above, in her Application for Issuance of Order to Show Cause, Genchi Garcia "requests that this Court issue an order to Respondents, requiring them to show cause why his [sic] Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, should not be granted." Filing 4 at 1 (¶ 1). Genchi Garcia "challenges her detention by Respondents in violation of the Immigration and Nationality Act and her constitutional right to due process." Filing 4 at 1 (¶ 2). Thus, she "seeks a constitutionally adequate hearing, to be conducted immediately, at which Respondents must justify her continued detention." Filing 4 at 1 (¶ 3). Genchi Garcia prays for the following:

> 8. Pursuant to 28 U.S.C § 2243, and in light of the fact that she has been detained for more than five months, Petitioner respectfully request that this Court immediately issue an Order to Show Cause against the Respondents.
>
> Petitioner further request pursuant to 28 U.S.C. § 2243 that this Court require respondents to file return within three days of this Court's order, showing cause, if any, when [sic] the writ [of] habeas corpus should not be granted.

Filing 4 at 2 (¶ 8).

## II. LEGAL ANALYSIS

As the United States Supreme Court explained, "In enacting the present Title 28 of the United States Code [in 1948], Congress largely recodified the federal courts' pre-existing habeas authority in §§ 2241 and 2243, which, respectively, confer the power to grant the writ and direct the issuing court to 'dispose of the matter as law and justice require.'" *Jones v. Hendrix*, 599 U.S. 465, 473 (2023) (quoting 62 Stat 869, 964–65). As to habeas relief, "a habeas court is 'not bound in every case' to issue the writ." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)). Instead, "[t]he habeas statute provides only that a writ of habeas corpus "*may* be granted." *Id.* (quoting 28 U.S.C. § 2241(a), with emphasis added by the Supreme Court).

4

As to the applicable procedure for habeas actions, § 2243 provides as follows:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.

The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.

The return and all suggestions made against it may be amended, by leave of court, before or after being filed.

The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

28 U.S.C. § 2243. Thus, "[u]nder 28 U.S.C. § 2243, '[a] court, justice or judge entertaining an application for a writ of habeas corpus' must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief." *Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022).

This Court concludes that it is not clear from Genchi Garcia's application that she is not entitled to relief. *Id*.; 28 U.S.C. § 2243 (stating that the court must grant habeas relief or hold a show-cause hearing "unless it appears from the application that the applicant or person detained is not entitled thereto."). On the other hand, the Court declines to "forthwith award the writ" based on no more than Genchi Garcia's allegations. 28 U.S.C. § 2243. Instead, the Court concludes that

5

the proper course in this case is to "issue an order directing the respondent to show cause why the writ should not be granted." *Id.*

Section 2243 sets out certain times for Respondents' "return" of the order to show cause and the setting of a hearing. *Id.* While the Court will set a deadline for Respondents to "make a return certifying the true cause of the detention," the Court concludes that requiring such a return within three business days is impracticable in light of closure of the Court for the Thanksgiving holiday and the day following. Therefore, the Court will extend Respondents' deadline initially to December 1, 2025, and will consider a further extension for up to twenty days upon a showing of good cause for additional time. *Id.* The Court finds good cause, based on the circumstances and allegations presented, to allow Genchi Garcia the opportunity for a written reply after Respondents make their return before the Court sets a show-cause hearing. *Id.* (stating, "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.").

Accordingly,

IT IS ORDERED that

1. Petitioner Genchi Garcia's Application for Issuance of Order to Show Cause. Filing 4, is granted;

2. Petitioner Genchi Garcia shall serve her Petition and a copy of this Order on Respondents without delay and promptly file proof of such service with the Court;

3. Respondents shall make a return certifying the true cause of Genchi Garcia's detention and why his Petition should not be granted not later than Monday, December 1, 2025, unless Respondents file a motion showing good cause for additional time;

4. Petitioner Genchi Garcia shall have three days from the date of Respondents' return to file a reply, unless Petitioner files a motion showing good cause for additional time; and

5. The Court will set a prompt hearing on this matter upon the filing of Petitioner Genchi Garcia's reply.

Dated this 24th day of November, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge